**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 7:19CR00098** |
| | **:** | |
| **CHARLES ROBERT CUNNINGHAM** | **:** | |

<u>**SENTENCING MEMORANDUM**</u>

COMES NOW the United States of America, by counsel, having considered the sentencing factors set forth in 18 U.S.C. §3553(a), and recommends that Charles Robert Cunningham be sentenced to a term of incarceration of 72 months. This is a sentence below the low end of his computed sentencing guidelines range. The United States says as follows in support of its recommendation:

1. Mr. Cunningham's offense conduct involved both selling a gun, and selling methamphetamine. Indeed, he sold over 50 grams of methamphetamine in one transaction. This is bad enough in and of itself, but made much worse by the fact that he did these things in October, 2019, perhaps five months after being released from the Bureau of Prisons for essentially the same conduct. To be sure, Mr. Cunningham also faces revocation for his conduct, but the promptness of his return to criminal activity tells us that his previous sentence did not deter him, nor did it teach respect for the law. Just punishment and the need to protect the community both call for a sentence that is much more severe than was imposed previously.

2. Mr. Cunningham's criminal history is not good. He is in criminal history category V, and gets there through a great many convictions for property crimes. It may be that Mr. Cunningham was stealing to support an addiction, but that does not alter by one iota the

misery that he visited on the various victims of his thefts.  There is also the fact of his previous federal conviction for possessing a firearm in relation to drug trafficking.  Neither the punishment for this federal offense, nor the punishments for his various state crimes have deterred Mr. Cunningham from what appears to be lifelong involvement in crime.  This continued pattern of activity calls for a harsher sentence in order to deter, to impose just punishment, to protect the community, and to encourage respect for the law.

3.  Mr. Cunningham's history and characteristics do nothing to mitigate his sentence.  He is a life-long substance abuser focused on methamphetamine.  He has recurring mental health issues.  His work and educational histories are spotty.  None of this gives much hope that he can become a benefit to society once he completes the instant term of incarceration.

WHEREFORE, taking into account the factors set forth in §3553(a), the United States recommends that Charles Robert Cunningham be sentenced to a term of incarceration of 72 months.  Lesser sentences have not encouraged respect for the law.   A sentence of 72 months would provide just punishment for his actions, establish deterrence, reinforce the need for respect for the law, protect the community, and otherwise advance the purposes set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

/s/ *R. Andrew Bassford*
R. Andrew Bassford
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, I have electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/R. Andrew Bassford
Assistant United States Attorney