**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

**UNITED STATES OF AMERICA**

**vs**                                        **7:19-cr-00098-EKD-1**

**CHARLES ROBERT CUNNINGHAM**

**DEFENDANT'S SENTENCING MEMORANDUM**

### A Sentence that is Sufficient but not Greater Than Necessary. §3553(a)

The Court's greatest challenge and highest responsibility is to do justice toward the community and toward the defendant by weighing and balancing fair retribution with the utility of deterrence, incapacitation and rehabilitation.

### The Category of the Offense and the Category of the Defendant § 3553(4)A

The Sentencing Guidelines recommend a sentence of incarceration.

The Presentence Report correctly calculates an Offense Level 23, and Criminal History Category V.

At the correlative intersection on the Guideline grid the numbers are 84-105.

### The Nature and Circumstance of the Offenses. §3553(a)(1)

The nature and circumstances of the offenses are known all to the Court all too well.  Charles Cunningham is a methamphetamine addict who opportunistically buys and sells drugs and firearms on the streets to support his addiction.

He is not an entrepreneur or organizer.  He is not a predatory drug pusher.

These offenses are events of hand-to-mouth drug addiction.

### The History and Characteristics of Charles Cunningham. §3553(a)(1)

Charles's parents were addicts who supplied him with drugs and alcohol as a

1

teenager.  PSR ¶63.

Charles is 40 years old.  Most of his life since age 22 has been spent in prison.

## Just Punishment and Deterrence.  §3553(a)(2)(A) & (B)

For addicts – as distinguished from cold calculating drug dealers – prison general deterrence is a primary purpose of prison sentences, but deterrence should always yield to justice.

In the United States, prison is not used to punish drug addiction.  Punishment is warranted for disobedience of the drug laws, and for the petty antisocial behaviors that are characteristic of drug addicts.

## Protecting the Public from Charles Cunningham.  §3553(a)(2)(c)

Only in rare cases of predatory sociopaths, are American prisons used to incapacitate.  This is not such a case.

Charles should serve a just sentence for punishment and general deterrence, but he should not serve extra time to "protect the public".

## Rehabilitation.  §3553(a)(2)(d)

Despite his continuing addiction, Charles has substantial prospects for rehabilitation.

In state prison, he earned his GED and college credits.

In the Bureau of Prisons from 2015 – 2019, he did skilled work in plumbing and general maintenance.  PSR ¶77.

The BOP programs he completed included: ACE Brick Walls Class, ACE Forklift Certification, several personal finance classes, Exercise Physiology, VT Computer Literacy, Reach One Counselor, Pet Therapy Class, ACE World Geologic Wonders, Aquaculture Science, Plant Earth, OSHA 10 Hour Recertification Program, Weight

2

Management, Inside Out Dad Parent Program, Typing ACE, CDL ACE, Exercise Education Class, Release Planning, SHU U.S. History, and SHU Life Science.  PSR ¶78.

## Request for Variance

A sentence of 72 months will be sufficient to serve the purposes of 18 USC 3553 while allowing Charles Cunningham an opportunity to conquer his addiction and reform his life while his is still in his forties.

Respectfully submitted,

CHARLES ROBERT CUNNINGHAM

By _____ s/ Robert C. Hagan, Jr._____
Of Counsel

## CERTIFICATE OF MAILING

The undersigned counsel for defendant certifies that a true copy of the foregoing Defendant's Sentencing Memorandum was filed electronically with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record this 9th day of September 2020.

_____ s/ Robert C. Hagan, Jr._____
Robert C. Hagan, Jr.